UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                                                                         No.  10-CR-905-LTS

DANIEL FERNANDEZ,

        Defendant.

-------------------------------------------------------x

ORDER

The Court has received and reviewed Mr. Fernandez's motion for Compassionate Release pursuant to 18 U.S.C. § 3582, (Docket Entry No. 2315), and the parties' subsequent briefing (Docket Entry Nos. 2318 and 2319).  Mr. Fernandez seeks a reduction of his sentence to time served and a modification of his terms of supervised release to accommodate his proposed release plan.  (Docket Entry No. 2315.)

This Court has authority to reduce Mr. Fernandez's sentence pursuant to 18 U.S.C. section 3582(c)(1)(A)(i) if Mr. Fernandez has exhausted his administrative remedies, after considering the factors set forth in 18 U.S.C. § 3553(a) ("section 3553(a)"), upon a finding that "extraordinary and compelling reasons warrant such a reduction."  The Government argues that Mr. Fernandez has not exhausted his administrative remedies because the only application for compassionate release received by the Warden of his facility was dated June 19, 2020, less than 30 days before this motion was filed.  See 18 U.S.C. § 35832(c)(1)(A) (permitting a sentence modification motion only after the earlier of administrative exhaustion or "the lapse of 30 days from the receipt of such a request by the Warden of the detention facility.")  Mr. Fernandez asserts that he submitted two earlier applications for compassionate release to facility personnel on April 24 and May 16, 2020, and proffers, through counsel as unsworn exhibits to

counsel's reply submission, handwritten, allegedly contemporaneous copies of those applications.  (Docket Entry No. 2319, Exhibits A and B.)

The Government also argues that the 18 U.S.C. section 3553(a) factors do not justify a reduction in Mr. Fernandez's sentence due to the nature and magnitude of his crime and the fact that he has thus far served only a little more than half of the sentence imposed.  (Docket Entry No. 2318, at 7.)  The Government's section 3553(a) argument raises substantial questions as to whether a modified sentence of time served and home confinement would be consistent with the statutory purposes of sentencing, given the seriousness of Mr. Fernandez's crime and the length of the sentence originally imposed.  However, because it may be possible for Mr. Fernandez to obtain pandemic-related relief on a more temporary basis through the Bureau of Prisons ("BOP"), the Court will defer its decision on the compassionate release application so that Mr. Fernandez may apply to the BOP for a temporary furlough pursuant to 18 U.S.C. section 3622(a).  That statute permits the BOP to grant temporary furloughs for, among other reasons, enabling an inmate to "engage in . . . significant activity consistent with the public interest."  In the current pandemic conditions, removing a high-risk individual who is on a strict medication regimen from general population and permitting him to follow a CDC-compliant program of restricted activity at home pending the resolution or substantial mitigation of the risks posed by COVID-19 appears to be very much in the public interest.  Although the statutorily-authorized furlough period is 30 days, the statute contains no provision precluding renewal or repeat applications, and so there is no immediately obvious impediment to the BOP's ability to grant a furlough or series of furloughs under appropriate conditions of restricted activity for the necessary period of time so that Mr. Fernandez can later return and complete his sentence.  The Government does not argue that Mr. Fernandez is a danger to the community, and indeed

concedes that his medical condition, in combination with the COVID-19 pandemic conditions, constitutes an extraordinary and compelling reason which could warrant a reduction in his sentence.  (Docket Entry No. 2318, at 4 n.2.)  Furthermore, as noted, there is a public interest in removing high-risk persons from the prison environment temporarily to slow the spread of COVID-19 within the prison, and a furlough structure will permit Mr. Fernandez to protect his own health during the pandemic in an environment where cleaning products are readily available and social distancing is feasible.

Accordingly, the Court directs Mr. Fernandez to make a furlough application to the BOP within ten (10) days of the date of this order.  The Government is directed to provide a copy of this Order to the appropriate BOP official(s).  The Court will hold this motion in abeyance for thirty (30) days to allow the BOP time to consider the application.  The parties are further directed to file a joint status report in thirty (30) days addressing Mr. Fernandez's furlough application and his pending BOP application for home confinement.[1]

SO ORDERED.

Dated: New York, New York
  July 10, 2020

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[1] Defense counsel asserts that Mr. Fernandez was informed by BOP staff that he qualifies for home confinement (Docket Entry No. 2319, at ¶ 10), and the Government has stated that Mr. Fernandez's request for home confinement remains pending.  (Docket Entry No. 2318, at 7 n.5.)