UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                                  No.  10-CR-905-LTS

DANIEL FERNANDEZ,

        Defendant.

-------------------------------------------------------x

## Order

The Court has received and reviewed Mr. Fernandez's motion for Compassionate Release pursuant to 18 U.S.C. § 3582 (Docket Entry No. 2315), the parties' subsequent briefing (Docket Entry Nos. 2318 and 2319), and the parties' status reports dated August 12 and 14, 2020 (Docket Entry Nos. 2330, 2331).  Mr. Fernandez seeks a reduction of his sentence to time served and a modification of his terms of supervised release to accommodate his proposed release plan. (Docket Entry No. 2315.)

This Court has authority to reduce Mr. Fernandez's sentence pursuant to 18 U.S.C. section 3582(c)(1)(A) if Mr. Fernandez has exhausted his administrative remedies, after considering the factors set forth in 18 U.S.C. § 3553(a) ("section 3553(a)") to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction." Any reduction must be consistent with the applicable policy statements issued by the sentencing commission, see 18 U.S.C. § 3582(c)(1)(A)(ii), which require that the Court determine that Mr. Fernandez is "not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).

On August 13, 2020, the warden of FCI Miami denied Mr. Fernandez's requests for furlough and home confinement. (Docket Entry No. 2331.) Accordingly, Mr. Fernandez has exhausted his administrative remedies. See 18 U.S.C. § 35832(c)(1)(A).

Mr. Fernandez has also demonstrated that an "extraordinary and compelling reason" warrants a reduction of his sentence. Mr. Fernandez has ulcerative colitis, a chronic autoimmune disorder, for which he takes daily prescription medication that merely manages the symptoms of the disease. (Docket Entry No. 2315, at 7.) People who are immunocompromised are at a high risk for severe illness and death from COVID-19, and the pandemic continues to pose an increased risk for those who are held in custody. People with Certain Medical Conditions, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (updated Aug. 14, 2020). There is a public interest in removing high-risk persons from the prison environment to slow the spread of COVID-19 within the prison and permit Mr. Fernandez to protect his own health in an environment where cleaning products are readily available and social distancing is feasible. Accordingly, the Court finds that the heightened risk of infection and serious illness that COVID-19 poses to Mr. Fernandez's health, in light of his chronic autoimmune disorder, constitutes an extraordinary and compelling reason warranting a reduction of his sentence.[1]

The Court has considered the factors set out in section 3553(a) and finds that a reduction of Mr. Fernandez's custodial sentence to time served is necessary in light of his

---

[1] The Government does not contest that Mr. Fernandez's medical status, under the current pandemic circumstances, provides an extraordinary and compelling reason warranting a sentence reduction. (Docket Entry No. 2318, at 4 n.2.)

medical condition, in the context of the ongoing pandemic and upon consideration of all of the relevant factors, to render his custodial sentence sufficient but not greater than necessary to address the sentencing purposes set out in that section.  The 144-month sentence the Court originally imposed was, at the time, appropriate, sufficient, and no greater than necessary to achieve the purposes of sentencing.  However, the total mix of facts relevant to analysis of the sentencing factors is different now, several years after the sentence was imposed and under the current pandemic circumstances.  To be sure, Mr. Fernandez's crime was very serious: he was a broker and dealer within a vast marijuana distribution conspiracy, and organized and directed the activities of others in connection with the distribution of more than 1,000 kilograms of marijuana. (Docket Entry No. 1489, at 55:21-25.)  However, his crime was non-violent, no record of disciplinary proceedings while in custody has been brought to the Court's attention, he has undertaken rehabilitative activities while in custody, the Government does not argue that he poses a danger to the public, and continued custody, in light of his chronic autoimmune medical condition, poses a potentially mortal threat to his own health and safety.  Importantly, the social distancing and other precautions recommended by the CDC to protect Mr. Fernandez's health are not feasible in custody.  See Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html#verbal-screening (updated July 22, 2020).  Accordingly, the Court concludes that requiring Mr. Fernandez to complete the original 144-month sentence would constitute a punishment greater than necessary to protect the public and effect deterrence.  See section 3553(a)(2)(C).   Mr. Fernandez' projected release date is currently August 20, 2023.  Continuing to expose Mr. Fernandez to that heightened risk would not promote respect for the

law, nor provide just punishment for his offense.  A reduced sentence enabling him to take protective measures under home confinement provides Mr. Fernandez with the most effective manner of medical treatment appropriate to his individual medical condition in light of the current COVID-19 pandemic.  See section 3553(a)(2)(D).

As noted above, the Government does not argue that Mr. Fernandez is currently a danger to the community.  Mr. Fernandez has proffered that he has a stable place to reside and financial and personal support.  Accordingly, the Court finds that Mr. Fernandez does not pose a danger to the safety of any other person or the community.  18 U.S.C. § 3142(g).  A lengthy period of supervision, including an additional 24 months of supervision under home confinement with GPS monitoring for 12 months and 12 months of home confinement under a curfew, followed by the six-year term of supervised release that was imposed as part of his original sentence, will address ongoing deterrence, protection of the public, promotion of respect for the law and treatment needs.

For the foregoing reasons, the Court grants Mr. Fernandez's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Mr. Fernandez's custodial sentence is hereby shortened to time served, and the Court imposes an additional two years of supervised release pursuant to 18 U.S.C. section 3582(c)(1)(A).  Mr. Fernandez will serve the first year of the additional supervised release on home confinement with GPS monitoring, and he will continue such home confinement under a curfew determined by the Probation Office for the second year.  Upon completion of this additional two-year supervised release period, he will commence the six-year period of supervised release that was imposed by the judgment dated March 21, 2014.  (Docket Entry No. 1447).  The mandatory, standard, and special conditions of supervised release that were imposed by the 2014 judgment will apply during the additional and

original terms of supervised release. The Court will also enter an Order on Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release).

This order resolves Docket Entry Number 2315.

SO ORDERED.

Dated: New York, New York
August 27, 2020

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge