UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                  No.  10-CR-905-LTS

DANIEL FERNANDEZ,

        Defendant.

--------------------------------------------------------x


ORDER

      The Court has received Mr. Fernandez's petition for early termination of his additional two-year term of supervised release and the parties' subsequent briefing.  (Docket entry nos. 2378, 2380, and 2382.)  The Court has reviewed these submissions carefully, and for the following reasons, denies Mr. Fernandez's petition.

      On August 27, 2020, the Court granted Mr. Fernandez's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A).  (Docket entry no. 2332.)  After careful consideration of the factors set forth in 18 U.S.C. section 3553(a), the Court shortened Mr. Fernandez's custodial sentence to time served and imposed an additional two years of supervised release pursuant to 18 U.S.C. section 3582(c)(1)(A), directing that Mr. Fernandez will serve the first year of the additional term of supervised release on home confinement with GPS monitoring and the second year under home confinement with a curfew determined by the Probation Office.  The Court directed that, after completing the additional two-year term of supervised release, Mr. Fernandez will commence the six-year period of supervised release imposed by the judgment dated March 21, 2014.  (Docket entry no. 1447.)

Mr. Fernandez has completed the first year of the additional term of supervised release and has approximately six to seven months remaining of the second year.  In his petition to the Court, Mr. Fernandez requests early termination of the additional term of supervised release and his transfer to the six-year period of supervised release imposed by the March 21, 2014, judgment.

The Court has the authority to modify or revoke the conditions of a term of supervised release under 18 U.S.C. section 3583(e)(1) if, after considering the factors set forth in 18 U.S.C. section 3553(a), the Court is satisfied that modification or revocation is warranted by the conduct of the released defendant and in the interest of justice.  18 U.S.C.A. § 3583 (Westlaw P.L. 117-80).  After careful consideration of the parties' submissions, the Court finds that early termination of Mr. Fernandez's additional term of supervised release is not warranted.  First, although the parties agree that Mr. Fernandez has served his term of supervised release thus far without notable incident, compliance with Court-ordered conditions of supervision is not only expected, but required, and does not constitute an exceptional circumstance warranting early termination of a period of supervision.  Second, to the extent Mr. Fernandez relies on the availability of prerelease custody alternatives for certain prisoners based on the application of good-time credit, the Court finds his reliance to be misguided.  18 U.S.C. section 3624 addresses the availability of prelease custody and states that "the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry . . . into the community." (Westlaw P. L. 117-80).  Eligibility for prerelease custody, such as placement under home confinement, or transfer to supervised release, depends on the conditions as specified in 18

U.S.C. section 3624(g), including the earning of good-time credit.  Because Mr. Fernandez's custodial sentence has terminated, pursuant to the Court's August 26, 2020, order granting Mr. Fernandez's motion for compassionate release, and he has been transferred to a term of supervision, the Court finds this statute does not apply to Mr. Fernandez's situation, let alone entitle him to early termination of his additional two-year term of supervised release. Furthermore, the Court's compassionate release determination, which took into account Mr. Fernandez' health condition and the factors specified in 18 U.S.C. section 3553(a), resulted in a custodial sentence substantially shorter than the sentence originally imposed.

The Court finds no reason to modify, or terminate, the conditions imposed in the August 27, 2020, order, which were imposed after a careful evaluation of the factors specified in 18 U.S.C. 3553(a).  Accordingly, Mr. Fernandez's request is denied.  This order resolves docket entry number 2378.  The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Fernandez at the address below.

SO ORDERED.

Dated: New York, New York
       February 24, 2022

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Mail to:
Daniel Fernandez
14963 SW 18 TERR
Miami, FL 33185