UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                         No. 10-CR-905-LTS

DANIEL FERNANDEZ,

        Defendant.

-------------------------------------------------------x

## ORDER

Mr. Fernandez has moved for early termination of his supervised release term. (Docket Entry no. 2386.) The Court has reviewed the parties' submissions carefully and, for the following reasons, Mr. Fernandez's motion is denied.

Section 3583 provides that the Court may, after considering the factors set forth in Section 3553(a) of Title 18 of the United States Code, "terminate a term of supervised release . . . after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C.A. § 3583(e)(1) (West 2023). The Guide to Judiciary Policy further recognizes that the Court may terminate "terms of supervised release or probation in felony cases after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the conduct of the person under supervision and is in the interest of justice." Guide to Judiciary Policy, Volume 8E, Chapter 3, § 360.20(a).

The Second Circuit has held that "changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release" may "[o]ccasionally" warrant the early termination of supervised release. U.S. v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).

However, "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." U.S. v. Bouchareb, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014) (quoting United States v. Flores, No. 99-CR-1110, 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010)).  Instead, a defendant must demonstrate "extraordinary conduct or unforeseen harsh circumstances that warrant early termination of his supervised release." United States v. Hines, No. 15-CR-0098-LTS, 2019 WL 4221491, at *1 (S.D.N.Y. Sept. 5, 2019).  "For example, early termination may be justified where conditions of supervised release hinder a fully compliant defendant's ability to obtain employment and reintegrate into society." Whittingham v. United States, No. 12-CR-0971-RJS, 2017 WL 2257347, at *6 (S.D.N.Y. May 22, 2017).

On October 15, 2010, Mr. Fernandez was charged with conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846.  (Docket Entry no. 26.)  On July 2, 2013, a jury convicted Mr. Fernandez on a one-count superseding indictment of conspiracy to distribute a controlled substance—mixtures and/or substances containing 1,000 kilograms or more of marijuana.  (Docket Entry no. 1170.)  Mr. Fernandez was initially sentenced to 144 months of imprisonment.  (Docket Entry no. 1455.)  In August 2020, at the height of the COVID-19 pandemic and in light of Mr. Fernandez' serious health condition and good conduct while incarcerated, the Court granted Mr. Fernandez's motion for compassionate release after he had served approximately 87 months of his sentence.  (Docket Entry no. 2332.)  At that time, the Court also imposed an additional two-year term of supervised release, as permitted by the compassionate release statute, with the first year including a condition of home confinement and the second year including a condition of

home detention with a curfew, to be followed by the six-year term of supervised release that was imposed as part of his original sentence. (Id.)

With approximately six months remaining in his initial two-year term of special supervision, Mr. Fernandez sought early termination of that term and an early start to his six-year term of supervised release. (Docket Entry no. 2378.) The Court denied that motion on the grounds that early termination was "not warranted," noting that "the Court's compassionate release determination, which took into account Mr. Fernandez's health condition and the factors specified in 18 U.S.C. section 3553(a), resulted in a custodial sentence substantially shorter than the sentence originally imposed." (Docket Entry no. 2383 at 2-3.) Following completion of the two-year term of special supervision, Mr. Fernandez began the originally imposed six-year term of supervised release. (See docket entry no. 2396 at 1.) He is approximately seven months into that term and has served approximately 31 months of supervised release, in total, across the two terms. (Id.)

Mr. Fernandez has moved for early termination of his supervised release, arguing that he satisfies each factor for early termination. (Docket Entry no. 2386.) Mr. Fernandez proffers that he has "gone far beyond the requirements" throughout his 31 months of supervised release. (Id. at 5.) Mr. Fernandez further represents that, since his release, he has used a license that he obtained while incarcerated to start his own personal training company. (Docket Entry no. 2397 at 5.) Mr. Fernandez also reasons that, as a father of two children living out-of-state, terminating his supervised release at this juncture would allow him to more actively participate in his sons' lives without having to ask the Probation Office for permission to visit them. (Docket Entry no. 2386 at 5.)

The Court, having considered the factors set forth in both the Guide to

Judiciary Policy, Volume 8E, Chapter 3, section 360.20(a), and in 18 U.S.C. section 3553(a), concludes that the early termination of Mr. Fernandez's supervised release is not warranted at this time. While the Court commends Mr. Fernandez for his full compliance with the terms of his supervised release, such behavior is "what is expected . . . and does not warrant early termination." Bouchareb, 76 F. Supp. 3d at 480 (quoting United States v. Rasco, No. 88-CR-817-CSH, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000)). Moreover, Mr. Fernandez "has not identified extraordinary conduct or unforeseen harsh circumstances that warrant early termination of his supervised release." Hines, 2019 WL 4221491, at *1. Mr. Fernandez's desire to visit his sons who live out of state "without first seeking approval from Probation . . . is clearly not a valid basis for terminating his supervision." Whittingham, 2017 WL 2257347, at *6.

The Court's conclusion is further bolstered by the fact that the Court carefully balanced the 18 U.S.C. § 3553(a) factors when it granted Mr. Fernandez's motion for compassionate release. (See Docket Entry no. 2332 at 2-3.) As the Court explained at that time, "[a] lengthy period of supervision, including an additional 24 months of supervision . . . followed by the six-year term of supervised release that was imposed as part of his original sentence, will address ongoing deterrence, protection of the public, promotion of respect for the law, and treatment needs." (Id. at 4.) Adhering to its prior decision, the Court concludes that it would not serve the interests of justice to terminate Mr. Fernandez's supervised release just seven months into the six-year term that was imposed as part of the lengthy original sentence that the Court previously determined was the appropriate consequence of the very serious narcotics offense in which he played a leadership role.

For these reasons, Mr. Fernandez's motion for early termination is denied, with

leave to reapply in two years.

This Order resolves Docket Entry no. 2386. The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Fernandez at the address below.

SO ORDERED.

Dated: New York, New York
May 19, 2023

     /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

<u>Mailed to</u>:

Daniel Fernandez
14963 SW 18 Terrace
Miami, FL 33185