UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL FERNANDEZ<br><br>    Defendant. | 10-CR-905-LTS-2 |

<u>ORDER</u>

Mr. Fernandez has moved for early termination of his supervised release term. (Docket entry no. 2465.)  The Court has carefully considered the parties' submissions and, for the reasons that follow, Mr. Fernandez's Motion is granted.

I.    <span style="font-variant:small-caps">BACKGROUND</span>

The Court assumes the parties' familiarity with the factual background of this case, which the Court set out previously in its last Order regarding early termination of supervised release.  (Docket entry no. 2399.)

On July 2, 2013, a jury convicted Mr. Fernandez on a one-count superseding indictment of conspiracy to distribute a controlled substance involving 1,000 kilograms or more of mixtures and substances containing a detectable amount of marijuana, a violation of 21 U.S.C. section 846.  (Docket entry no. 1170; docket entry no. 1115.)  The Court sentenced Mr. Fernandez in March 2014 to 144 months of imprisonment to be followed by six years of supervised release.  (Docket entry no. 1447.)

On August 27, 2020, after Mr. Fernandez had served approximately 86 months of his sentence, the Court granted his motion for compassionate release.  (Docket entry no. 2332). At that time, the Court imposed an additional two-year term of supervised release, as permitted

by the compassionate release statute, to be followed by the originally imposed six-year term of supervised release, for a total of 96 months of supervised release.  Mr. Fernandez has served approximately 63 months of supervised release to date without incident.

Mr. Fernandez has moved for early termination of supervised release on two prior occasions, and on May 19, 2023, the Court denied the second application with leave to reapply in two years.  (Docket entry no. 2399, at 4-5.)  Mr. Fernandez submitted the instant Motion through his counsel by letter motion on July 3, 2025.  (Docket entry no. 2465 ("Def. Mot.").)  The Court directed the Government to respond and allowed Mr. Fernandez the opportunity to reply.  (Docket entry no. 2466.)  The Government filed its Opposition on August 6, 2025 (docket entry no. 2472 ("Opp."), and Mr. Fernandez filed a reply on August 7, 2025 (docket entry no. 2473 ("Reply")).  Mr. Fernandez submitted supplemental briefing on November 3, 2025 (docket entry no. 2475 ("Def. Supp. Mem.")), to which the Government filed opposition papers on November 10, 2025 (docket entry no. 2477 ("Gov. Supp. Opp.")), and to which Mr. Fernandez further replied on November 11, 2025 (docket entry no. 2478).  The Motion is fully briefed.

II.    DISCUSSION

A court may terminate a defendant's term of supervised release "at any time after the expiration of one year of supervised release . . . if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C.A. § 3583(e)(1)-(2) (Westlaw through P.L. 119-36); see also United States v. Johnson, 529 U.S. 53, 60 (2000).  In determining whether to grant an application for termination of supervised release, the reviewing court must consider certain sentencing factors set forth in 18 U.S.C. section 3553(a) ("Section 3553(a)"), including "deterrence, public safety, rehabilitation, proportionality, and consistency."  United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997); 18 U.S.C.A. §

3583(e)(1)-(2); but see Esteras v. United States, 606 U.S. 185 (2025) (holding that district courts "cannot consider [18 U.S.C.] § 3553(a)(2)(A) when revoking supervised release").  Early termination is not "warranted as a matter of course," and decisions regarding termination of supervised release are within the discretion of the district court.  United States v. Bastien, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015) (citation omitted).  This Court often exercises its discretion to grant early termination upon a showing of "changed circumstances," United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997), but "new or changed circumstances . . . are not a prerequisite" to early termination, United States v. Parisi, 821 F.3d 343, 347-48 (2d Cir. 2016).

In support of his request, Mr. Fernandez describes his continued compliance with the conditions of his supervised release and emphasizes the productive life he has built since his release.  Unlike his 2023 motion for early termination (docket entry no. 2386), the instant Motion provides considerable detail about his successful professional endeavors, including the launch of multiple businesses.  (Mot. at 2-3.)  It also describes his efforts to reintegrate into his community and to play an active and positive role in the lives of his children.  (Id. at 3.)  Mr. Fernandez's submissions also cite commentary regarding early termination that was added to the November 2025 edition of the United States Sentencing Guidelines.  That policy statement ("Section 5D1.4") advises courts to conduct an "individualized assessment of the need for ongoing supervision," U.S.S.G. § 5D1.4(b), and identifies a host of factors that courts "may wish to consider" when deciding whether to terminate a remaining term of supervised release, U.S.S.G. § 5D1.4 cmt. n.1(B).

Both the Government and the Probation Office for the Southern District of Florida ("Probation"), where Mr. Fernandez is supervised, oppose early termination.  The Government argues that "Mr. Fernandez's positive compliance with the conditions of supervision is expected,

not exceptional," such that early termination is unwarranted. (Opp. at 3). Probation "opposes early termination as a matter of that office's policy, due to Mr. Fernandez receiving an aggravating role enhancement under his Guidelines calculation." (Id. at 2.) Probation advised the Government that, "but for that policy, the office would otherwise have no issue recommending early termination." (Id.) Mr. Fernandez has been assigned to his supervising Probation Officer's "low risk" caseload. (Mot. at 5.)

Having considered the parties' arguments and the eight Section 3553(a) factors relevant to early termination, see 18 U.S.C. § 3583(e)(1), the Court finds that early termination is warranted. In particular, the Court is persuaded that continued supervision of Mr. Fernandez is not necessary to address the Section 3553(a) goals of deterrence, incapacitation, and rehabilitation. Mr. Fernandez had no known violations or disciplinary infractions during his terms of pretrial release and detention (Reply at 2), and he has completed more than five years of supervised release without incident and is classified as a low-risk supervisee. These facts suggest a low risk of recidivism, such that any deterrence benefit of three additional years of supervision would be marginal. See 18 U.S.C. § 3553(a)(2)(B). Mr. Fernandez has also achieved gainful employment and has worked to reintegrate himself into his community and family, which suggests that Mr. Fernandez has little further need to avail himself of rehabilitative services that Probation could offer him through continued supervision. See 18 U.S.C. § 3553(a)(2)(D). When taken together, moreover, both his track record and his successful reintegration into society suggest a relatively low need to "protect the public from further crimes of the defendant" through continued supervision. See 18 U.S.C. § 3553(a)(2)(C). Consideration of these Section 3553(a) factors thus favors early termination under 18 U.S.C. section 3583(e)(1).

The arguments set forth by Probation and the Government do not persuade the Court otherwise.  Probation's position is based only on an office-wide policy.  (Opp. at 2.)  The Court is persuaded, however, by the Sentencing Commission's guidance that the Court's early termination decisions should be rooted in "an individual assessment" rather than a categorical rule.  U.S.S.G. § 5D1.4(b).  Probation's position as to Mr. Fernandez's individual circumstances—that "it would have no issue recommending early termination" if not for its office-wide policy—therefore supports early termination.  (See id.)

For its part, the Government's Opposition does not contest that the relevant Section 3553(a) factors support early termination.  Rather, the Government argues only, as it did in opposing Mr. Fernandez's 2023 motion for early termination, that Mr. Fernandez has not shown "exceptional conduct" warranting early termination.  (Opp. at 2-3.)  The Court is persuaded, however, that the instant Motion stands on different footing from his prior motions for two reasons.  First, Mr. Fernandez has now established an exceptionally long track record of successful supervision and meaningful progress in professional and personal pursuits over the past five years.  And second, in the period between Mr. Fernandez's previous motions and the instant one, the Sentencing Commission issued new guidance identifying, inter alia, a history of incident-free supervision, patterns of successful self-management, and prosocial behavior as factors that support early termination.  See U.S.S.G. § 5D1.4 cmt. n.1(B).  The Government does not contest that every Section 5D1.4 factor weighs in favor of early termination of Mr. Fernandez's supervision.  (Mot. at 6); see also 18 U.S.C. § 3553(a)(5)(A) (requiring courts to consider "any pertinent policy statement issued by the Sentencing Commission").  The Court thus finds that Mr. Fernandez's history of incident-free compliance with all his conditions favors

early termination, even though such compliance is "expected, not exceptional." (Contra Opp. at 2-3.)

In sum, after conducting an individual assessment of Mr. Fernandez's need for continued supervision based on the pertinent factors in Section 3553(a) and in Section 5D1.4, the Court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice." See 18 U.S.C. § 3583(e)(1).

III.    CONCLUSION

For the foregoing reasons, Mr. Daniel Fernandez's Motion for early termination of supervised release is granted, effective December 23, 2025. This Order resolves docket entry no. 2465.

SO ORDERED.

Dated: New York, New York
        December 19, 2025

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge